7/16

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA (PHILADELPHIA)

| | | |
|---|---|---|
| In re: PURE WEIGHT LOSS, INC., | : | Case No.: 08-10315 (JKF) |
| Debtor. | : | CHAPTER 7 |
| | : | |

### OPINION AND ORDER ON MOTION TO DETERMINE THAT CERTAIN INSURANCE POLICY PROCEEDS ARE NOT PART OF THE BANKRUPTCY ESTATE[1]

AND NOW, this 16th day of July, 2008, upon consideration of the motion of Zurich American Insurance Company ("Zurich"), to determine that certain insurance policy proceeds are not part of the bankruptcy estate and any response thereto, the Court makes the following findings of fact and conclusions of law and enters the following order:

### FINDINGS

1.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The Court has the power to grant the relief sought herein pursuant to 11 U.S.C. § 105.

---

[1] This motion does not seek any coverage determination by Zurich American Insurance Company as to any request for coverage made by Mr. Vahan Karian or any other person or entity, pursuant to any insurance policy. Nothing in Zurich American Insurance Company's motion, nor this Opinion and Order constitutes an admission by Zurich American Insurance Company that any obligation exists in favor of Mr. Vahan Karian or any other person or entity against Zurich American Insurance Company, on account of any insurance policy or request for coverage thereunder.

#232

3. Zurich issued a "Private Company Directors, Officers and Employees Liability Policy" (the "Policy"), to LA Weight Loss Centers, Inc (a copy of which is annexed hereto as Exhibit A).

4. In the matter of the *Commonwealth of Pennsylvania v. Vahan Karian, Individually, and as President and sole owner and sole shareholder of Pure Weight Loss, Inc.; also f/k/a L.A. Weight Loss Centers, Inc; and Pure Weight Loss, Inc., also f/k/a L.A. Weight Loss Centers, Inc.*, indexed with the Commonwealth Court of Pennsylvania as 36 M.D. 2008 (hereinafter, the "Commonwealth Action"), Mr. Karian has been represented by Reed Smith, which has billed significant fees and costs representing Mr. Karian to date and expects it may bill significant fees and costs prospectively.

5. Mr. Karian is also a defendant in other actions (the "Other Actions") as to which he has requested coverage from Zurich pursuant to the Policy.

6. Zurich has at the present time based on the facts and the law as it understands them to be,[2] determined that Mr. Karian is entitled to coverage for Defense Costs (including both reasonable and necessary fees and costs) for certain claims asserted against him in the Commonwealth Action and wishes to disburse to Reed Smith, its reasonable and necessary fees and costs incurred to date in defending Mr. Karian and such other and further reasonable and necessary fees and costs that Reed Smith may incur which Zurich concludes constitutes Defense Costs for those certain claims for which Zurich determines to provide coverage (said reasonable and necessary fees and costs, both accrued and prospective, shall be defined hereinafter as "Reed Smith Defense Costs").

---

[2] Zurich's provision of coverage, to the extent that it has determined to provide coverage, is without prejudice to any reservation of rights or determination to disclaim coverage that Zurich has or may choose to make.

7. With respect to the Other Actions, Zurich may determine based on the facts and the law as it understands them to be,[3] that Mr. Karian is entitled to coverage for Defense Costs (including both reasonable and necessary fees and costs) for certain claims asserted against him in the Other Actions, for which Zurich may wish to reimburse Mr. Karian's counsel, if any, therein, for its (or their) reasonable and necessary fees and costs incurred in defending Mr. Karian and such other and further reasonable and necessary fees and costs as said counsel may incur which Zurich concludes constitutes Defense Costs for those certain claims for which Zurich has, to the extent it does, determined to provide coverage (said reasonable and necessary fees and costs, both accrued and prospective, shall be defined hereinafter as "Other Actions Defense Costs").

8. In both the Commonwealth Action and the Other Actions, Zurich may, reserving all its rights and remedies, conclude that Mr. Karian is entitled to indemnification for money paid towards the settlement, if any, of certain claims brought in the Commonwealth Action and the Other Actions. Any such settlement payments shall be referred to hereinafter as "Settlement Payments".

9. The "Policy" in question is a "wasting policy", such that any payments made towards the Reed Smith Defense Costs, the Other Actions Defense Costs, and Settlement Payments, diminish the policy limits.

10. The Court concludes that the Policy proceeds, if any, necessary to pay the Reed Smith Defense Costs, Other Actions Defense Costs, and Settlement Payments, are not part of the bankruptcy estate in the above captioned bankruptcy proceeding. *See, Miller v. McDonald (In re World Health Alternatives, Inc.)*, 369 B.R. 805 (Bankr. D. Del. 2007)

---

[3] Zurich's provision of coverage, to the extent that it has determined to provide coverage, is without prejudice to any reservation of rights or determination to disclaim coverage that Zurich has or may choose to make.

**WHEREFORE**, the Court hereby Orders that:

1. Said Policy proceeds necessary to pay Reed Smith Defense Costs, Other Actions Defense Costs, and Settlement Payments, are not part of the bankruptcy estate in the above captioned matter and the Trustee, and all debtors, creditors, and any other person or entity having any interest in the above captioned bankruptcy proceeding are henceforth forever precluded from making any claim against Zurich on account of payment of Reed Smith Defense Costs, Other Actions Defenses Costs, and Settlement Payments as defined above (which are acknowledged to include prospective sums); and

2. The Court's Opinion and Order does not imply that any matter with respect to the Policy is necessarily within the jurisdiction of the Bankruptcy Court, other than whether the Reed Smith Defense Costs, Other Actions Defense Costs and Settlement Payments are within the bankruptcy estate.

SO ORDERED:

_____, U.S.B.J.

Dated: _____, 2008

*Attached Service List*

## *SERVICE LIST*

Robert W. Seitzer, Esquire
Paul B. Maschmeyer, Esquire
Maschmeyer Karalis, P.C.
1900 Spruce Street
Philadelphia, PA  19103

David L. Pollack, Esquire
Jeffrey Meyers, Esquire
Ballard Spahr
1735 Market Street, 51st Floor
Philadelphia, PA  19103

Howard Neil Greenberg, Esquire
Philip J. Katauskas, Esquire
Semanoff Ormsby Greenberg & Torchia, LLC
2617 Huntingdon Pike
Huntingdon Valley, PA  19006

Thomas J. Blessington, Esquire
Deputy Attorney General
Office of Attorney General
21 S. 12th Street, 2nd Floor
Philadelphia, PA  19107

David G. Ross, Esquire
Ross & Gould-Ross
440 Reynolds Arcade
16 Main Street East
Rochester, NY  14614

Lee M. Herman, Esquire
Lee M. Herman, Esquire, PC
426-428 East Baltimore Pike
P.O. Box 2090
Media, PA  19063

Barry D. Kleban, Esquire
Eckert Seamans Cherin & Mellott, LLC
Two Liberty Place
50 South 16th Street, 22nd Floor
Philadelphia, PA  19102

Mitchell B. Weitzman, Esquire
Bean Kinney & Korman, P.C.
2300 Wilson Boulevard, 7th Floor
Arlington, VA  22201

Andrew J. Shaw, Esquire
Goodman & Shaw, P.C.
60 West Broad Street
Suite 103
Bethlehem, PA  18018

Ernie Z. Park, Esquire
Bewley Lassleben & Miller, LLP
13115 E. Penn Street, Suite 510
Whittier, CA  90602-1797

David M. Klauder, Esquire
Office of the U.S. Trustee
833 Chestnut Street
Suite 500
Philadelphia, PA  19107

David B. Smith, Esquire
Smith Giacometti, LLC
270 West Lancaster Avenue
Building I
Malvern, PA  19355

Michael J. Barrie, Esquire
Schnader Harrison Segal & Lewis, LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103

Gilbert B. Weisman, Esquire
Becket & Lee, LLP
16 General Warren Boulevard
P.O. Box 3001
Malvern, PA 19355

Armen Tamzarian, Esquire
Case Knowlson Jordan & Wright, LLP
2029 Century Park East, Suite 2500
Los Angeles, CA 90067

Arthur P. Liebersohn, Esquire
924 Cherry Street
Fourth Floor
Philadelphia, PA 19107

Heather D. Dawson, Esquire
Kitchens Kelley Gaynes, PC
Eleven Piedmont Center, Suite 900
3495 Piedmont Road, NE
Atlanta, GA 30305

Dana S. Plon, Esquire
Sirlin Gallogly & Lesser, PC
1529 Walnut Street
Suite 600
Philadelphia, PA 19102

Kevin M. Newman, Esquire
Menter Rudin & Trivelpiece, P.C.
308 Maltbie Street
Suite 200
Syracuse, NY 13204

Cheryl A. Dow, Esquire
The Dow Law Office, P.C.
2060 N. Tustin Avenue
Santa Ana, CA 92705

Joseph J. Bodnar, Esquire
Law Office of Joseph J. Bodnar
2101 N. Harrison Street
Suite 101
Wilmington, DE 19802

Michael G. Menkowitz, Esquire
Fox Rothschild, LLP
2000 Market Street
10th Floor
Philadelphia, PA 19103

Frederick D. Elias, Esquire
Elias & Elias, P.C.
5777 W. Maple Road
Suite 120
West Bloomfield, MI 48322

Leslie Beth Baskin, Esquire
Kristin T. Mihelle, Esquire
Spector Gadon Rosen
1635 Market Street, 7th Floor
Philadelphia, PA 19103

Terrence A. Hiller, Jr., Esquire
Kupelian Ormond & Magy, PC
25800 Northwestern Highway
Suite 950
Southfield, MI 48075

Jill Lockikar Bradley, Esquire
Cohen & Grigsby, P.C.
11 Stanwix Street
15th Floor
Philadelphia, PA 15222

Kenneth E. West, Esquire
Douglass West & Associates
830 Lansdowne Avenue
Drexel Hill, PA 19026

Ronald K. Brown, Jr., Esquire
Law Office of Ronald K. Brown, Jr.
901 Dove Street, Suite 120
Newport Beach, CA 92660

Christopher E. Soukup, Esquire
Ziegler, Metzger & Miller, LLP
925 Euclid Avenue
Suite 2020
Cleveland, OH 44115-1441

James W. Wallace, Esquire
Griffith McCague & Wallace, PC
The Gulf Tower, 38th Floor
707 Grant Street
Pittsburgh, PA 15219

Sarah Siegel, VP and General Counsel
Dierbergs
16690 Swingley Ridge Road
P.O. Box 1070
Chesterfield, MO 63006-1070

Ronald L. Phillips, Esquire
City Cresent Buidling, 3rd Floor
10 S. Howard Street
Baltimore, MD 21201

James W. Hennessy, Esquire
Jennifer L. Maleski, Esquire
Dilworth Paxon, LLP
1735 Market Street, Suite 3200
Philadelphia, PA 19103

John E. Hilton, Esquire
Carmody MacDonald, PC
120 S. Central Suite 1800
Clayton, Missouri 63105

Kenneth F. Carobus, Esquire
Morris & Adelman, P.C.
1920 Chestnut Street, 3rd Floor
P.O. Box 030477
Philadelphia, PA 19102-8477

Michael Reed, Esquire
McCreary Veselka Bragg & Allen, P.C.
P.O. Box 1269
Round Rock, TX 78680

Jay W. Hurst, Esquire
Assistant Attorney General
c/o Sherri K. Sampson, Esquire
Attorney General's Office
Bankruptcy & Collections Division
P.O. Box 12548
Austin, TX 78711-2548

Elizabeth Banda, Esquire
Perdue Brandon Fielder Collins & Mott
P.O. Box 13430
Arlington, TX 76094-0430

John T. Banks, Esquire
Perdue Brandon Fielder Collins & Mott, LLP
3301 Northland Drive, Suite 505
Austin, TX 78731

John D. McLaughlin, Esquire
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19801

K. Kirk Karagelian, Esquire
15 West Front Street
P.O. Box 1440
Media, PA 19063

Tracy Hudson Spicer, Esquire
EEOC – Washington Field Office
1801 L Street, NW
Suite 100
Washington, DC 20507

Martha A. Romero, Esquire
Romero Law Firm
BMR Professional Building
6516 Bright Avenue
Whittier, CA 90601

Alexander Kerr, Esquire
McCarter & English, LLP
Mellon Bank Center
Suite 700
Philadelphia, PA 19103

Jeffrey J. Graham, Esquire
One Indiana Square
Suite 3500
Indianapolis, IN 46204